## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **NEWELL RUBBERMAID INC. and GRACO CHILDREN'S PRODUCTS INC.,** | |
| **Plaintiffs,** | **Civil Action No. _____** |
| **v.** | |
| **FLEXFLO USA, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT

COME NOW, Plaintiff Newell Rubbermaid Inc. ("Newell Rubbermaid") and Plaintiff Graco Children's Products, Inc. ("Graco") (hereinafter, collectively referred to as "Plaintiffs") and file this Complaint against Defendant FlexFlo, USA, Inc. ("Defendant"), showing the Court as follows:

## THE PARTIES

1.     Newell Rubbermaid is a for-profit corporation, organized under the laws of the State of Delaware, having a principal place of business at 3 Glenlake Parkway in Atlanta, Georgia.

2.    Graco is a for-profit corporation, organized under the laws of the State of Delaware, having its principal place of business at 3 Glenlake Parkway, Atlanta, Georgia 30328.

3.    Graco is a wholly-owned subsidiary of Rubbermaid Incorporated, which is a wholly-owned subsidiary of Newell Rubbermaid.

4.    Defendant is a for-profit corporation, organized under the laws of the State of Florida, and its last-named registered office and principal place of business, as shown by the Florida Department of State's online database, are maintained in Broward County, Florida at 2850 Glades Circle, Unit F1, Weston, Florida 33331.   Defendant may be served through its registered agent at that location in Weston, Florida.

5.    Defendant is a corporate relative of FlexFlo C.A., also commonly referred to as "Comercializadora FlexFlo C.A.," in Venezuela.

## JURISDICTON & VENUE

6.    This Court has personal jurisdiction over Defendant pursuant to a consent-to-jurisdiction clause contained in the distribution agreement entered into by Graco and Defendant, and attached hereto as Exhibit A (the "Distribution Agreement").   In the Distribution Agreement, Graco and Defendant agreed that courts in the State of Georgia could exercise personal jurisdiction over them in any

action or proceeding relating to the Distribution Agreement or any related matter. *See* Ex. A ¶ 18.

7. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Venue in the Northern District of Georgia is proper pursuant to the forum-selection clause contained in the Distribution Agreement, requiring any action or proceeding arising under or relating to the Distribution Agreement to be brought in courts within the State of Georgia.  Graco's and Newell Rubbermaid's principal place of business is located within the Northern District of Georgia.  *See* Ex. A ¶ 18.

## BACKGROUND

9. Plaintiffs restate and incorporate by reference the preceding paragraphs of this Complaint as if repeated verbatim herein.

### Graco and Defendant Entered Into a Distribution Agreement

10. Newell Rubbermaid is a company engaged in the global marketing of consumer and commercial product brands.

11.     Graco is a subsidiary and brand of Newell Rubbermaid.   Graco designs and manufactures an expansive line of juvenile products.

12.     Defendant is a company that distributes and resells Graco products in Venezuela.

13.     On or about January 1, 2007, Graco and Defendant entered into a one-year non-exclusive Distribution Agreement, whereby Graco granted Defendant the non-exclusive right to purchase Graco products and sell them to customers in Venezuela.  *See* Ex. A. ¶¶ 2-3.

14.     The Distribution Agreement provides that payment terms for all product shipments by Defendant would be "NET 60 days," and that all other payment terms not addressed in the Distribution Agreement would be set forth in the invoice delivered with each product shipment.  *See* Ex. A. ¶ 5(a)-(c).

15.     In accordance with the Distribution Agreement, Graco would ship products requested by Defendant to Venezuela, and include with each shipment an invoice listing the payment terms for that shipment.

16.     Upon delivery of each shipment, a representative of Defendant would sign the corresponding invoice indicating Defendant's acceptance of the shipment and agreement to comply with the terms set forth therein.

17.     The Distribution Agreement provided an option for renewal by mutual agreement of Graco and Defendant; the agreement did not expressly limit renewal to written format.  *See* Ex. A. ¶10.

18.     For nearly four years after the original term of the Distribution Agreement expired, Graco and Defendant continuously renewed the Distribution Agreement through their expressed conduct and course of business dealings.

19.     Consistent with their course of dealing during the original term of the Distribution Agreement, Graco continued to grant Defendant the non-exclusive right to distribute Graco's products in Venezuela, and continued to ship products to Defendant in Venezuela from on or around January 1, 2008 through in or around September of 2011.

20.     Defendant continued to accept products from Graco, and also continued to exercise its distribution rights by selling the products in Venezuela throughout the renewed periods.

<u>Defendant Breached the Distribution Agreement</u>

21.     During the months of July, August, and September of 2011, Defendant requested a number of products from Graco.

22.    In response to and reliance on Defendant's requests, Graco made at least four (4) product shipments of conforming goods to Defendant in Venezuela between July and September of 2011 (the "Shipments").

23.    Defendant knowingly accepted the Shipments but has failed and repeatedly refused to pay the amounts owed to Plaintiffs for the Shipments.

24.    Specifically, on or about July 27, 2011, Graco delivered to Defendant, and Defendant accepted, the conforming goods set forth in Exhibit B ("July 27 Invoice") attached hereto.

25.    The July 27 Invoice bears the signature of a representative of Defendant and clearly and unambiguously provides that the amount owed for the shipment of products set forth in that invoice is $96,437.00, and that the payment term is "NET 60 DAYS."  Ex. B.

26.    The following month, on or about August 12, 2011, Graco delivered to Defendant, and Defendant accepted, the conforming goods set forth in Exhibit C ("August 12 Invoice") attached hereto.

27.    The August 12 Invoice bears the signature of a representative of Defendant and clearly and unambiguously provides that the amount owed for the shipment of products set forth in that invoice is $109,893.20, and that the payment term is "NET 60 DAYS."  Ex. C.

6

28.     Thereafter, on or about September 15, 2011, Graco delivered to Defendant, and Defendant accepted, the conforming goods set forth in Exhibit D ("September 15 Invoice") attached hereto.

29.     The September 15 Invoice bears the signature of a representative of Defendant and clearly and unambiguously provides that the amount owed for the shipment of products set forth in that invoice is $139,340.15, and that the payment terms are "NET 60 DAYS."  Ex. D.

30.     Finally, on or about September 16, 2011, Graco delivered to Defendant, and Defendant accepted, the conforming goods set out in Exhibit E ("September 16 Invoice") attached hereto.

31.     The September 16 Invoice bears the signature of a representative of Defendant and clearly and unambiguously provides that the amount owed for the shipment of products set forth in that invoice is $14,755.00, and that the payment terms are "NET 60 DAYS."  Ex. E.

32.     Defendant is indebted to Plaintiffs in the amount of at least $356,464.91, which represents the sum of the July 27, August 12, September 15, and September 16 Invoices.  *See* Ex. F ("Outstanding Account Balance").

33.     Defendant has acknowledged that it owes the Outstanding Account Balance to Plaintiffs.

34.    Demand for payment of the Outstanding Account Balance has been made by Plaintiffs to Defendant, both orally an in writing.  *See e.g.,* Ex. G (Demand for Payment).

35.    Though multiple demands for payment have been made, Defendant has failed and refused to pay the Outstanding Account Balance without any justification.

36.    Plaintiffs gave Defendant written notice of its intent to terminate the distribution relationship in or around October of 2011.

## COUNT I
## BREACH OF CONTRACT

37.    Plaintiffs restate and incorporate by reference the preceding paragraphs of this Complaint as if repeated verbatim herein.

38.    The Distribution Agreement is an express and legally binding contract under Georgia law.

39.    Graco and Defendant exercised their right to renew the Distribution Agreement through their conduct and course of business dealings over a period of nearly four years.

40.    Graco has performed all conditions, covenants, and obligations it was required to perform in accordance with the terms of the Distribution Agreement.

41.    Defendant, without any justification, has repeatedly refused to fulfill its contractual obligation to pay the Outstanding Account Balance, and as such, has breached the Distribution Agreement.

42.    As a direct and proximate cause of Defendant's breach, Plaintiffs have incurred damages in an amount that includes at least $356,464.91, plus interest and the costs of this action.

## COUNT II
## ALTERNATIVE CLAIM FOR
## QUANTUM MERUIT/BREACH OF IMPLIED-IN-FACT CONTRACT

43.    Plaintiffs restate and incorporate by reference the preceding paragraphs of this Complaint as if repeated verbatim herein.

44.    Graco delivered the Shipments of conforming goods to Defendant in Venezuela.

45.    Defendant knowingly accepted, and directly benefited from, the Shipments but has failed and repeatedly refused to pay the Outstanding Account Balance.

46.    By accepting the Shipments, Defendant implicitly and explicitly agreed to pay the reasonable value of the products contained in those Shipments, and should be required to do so.

## COUNT III
## BREACH OF THE COVENANT OF GOOD FAITH & FAIR DEALING

47.    Plaintiffs restate and incorporate by reference the preceding paragraphs of this Complaint as if repeated verbatim herein.

48.    Defendant acted without any consideration of fairness or commercial reasonableness, and in a manner inconsistent with the reasonable expectations of the parties, in repeatedly refusing to pay the Outstanding Account Balance to Plaintiffs.

49.    Defendant's refusal to pay the Outstanding Account Balance was done in bad faith and in violation of the contractual covenant of good faith and fair dealing implied under Georgia law, and has caused Plaintiffs to incur damages in an amount that includes at least $356,464.91.

## COUNT IV
## ALTERNATIVE CLAIM OF
## UNJUST ENRICHMENT/BREACH OF QUASI-CONTRACT

50.    Plaintiffs restate and incorporate by reference the preceding paragraphs of this Complaint as if repeated verbatim herein.

51.    Graco delivered the Shipments of conforming goods to Defendant in Venezuela.

52.     Defendant knowingly accepted, and directly benefited, from the Shipments but has failed and repeatedly refused to pay the Outstanding Account Balance.

53.     Defendant's receipt of the Shipments without compensating Plaintiffs would be unjust, and Defendant equitably ought to compensate Plaintiffs for the Shipments.

## COUNT V
## ATTORNEY'S FEES & EXPENSES OF LITIGATION

54.     Plaintiffs restate and incorporate by reference the preceding paragraphs of this Complaint as if repeated verbatim herein.

55.     Defendant has acted in bad faith, been stubbornly litigious, and has subjected the Defendant to unnecessary trouble and expense such as to justify an award of attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court will grant them the following relief:

A.     Enter judgment in favor of Plaintiffs;

B.     Enter judgment against Defendants;

C.     Award Plaintiffs actual damages and compensatory damages in an amount to be proven at trial, and in an amount not less than $356,464.91;

D.     Award Plaintiffs the costs of this action, including reasonable attorney's fees, pre- and post-judgment interest on the Outstanding Account Balance, and all other costs which may be incurred by Plaintiffs; and

E.     Award such other and further relief as may be deemed just and equitable.

Respectfully submitted this 18th day of September, 2012.

SCHIFF HARDIN LLP


  /s/ Eric L. Barnum
Eric L. Barnum
Georgia Bar No. 039305
Cherie A. Phears
Georgia Bar No. 595940
One Atlantic Center, Suite 2300
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:  (404) 437-7000
Facsimile:   (404) 437-7100

*Attorneys for Plaintiffs*
*Newell Rubbermaid Inc. and*
*Graco Children's Products Inc.*