IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NEWELL RUBBERMAID INC. and GRACO CHILDREN'S PRODUCTS INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>FLEXFLO USA, INC.,<br><br>    Defendant. | Civil Action No.:<br><br>1:12-cv-3262-MHS |
| FLEXFLO USA, INC.,<br><br>    Counter-claimant,<br><br>v.<br><br>NEWELL RUBBERMAID INC. and GRACO CHILDREN'S PRODUCTS INC.,<br><br>    Counter-defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE, STRIKE PLEADINGS AND AWARD ATTORNEY'S FEES**

COME NOW Newell Rubbermaid Inc. and Graco Children's Products Inc., (collectively, the "Plaintiffs") by and through the undersigned counsel, and hereby request that the court enter an order, pursuant to Federal Rule of Civil Procedure Rule 37, excluding the untimely documentary evidence that Defendant recently produced for the first time at the September 4, 2013 deposition of Beckey Quiggle,

as well as the portions of Ms. Quiggle's deposition testimony concerning those untimely documents. Plaintiffs also ask that the Court enter an order striking Defendant's Fourth Affirmative Defense and awarding reasonable attorney's fees to Plaintiffs for the costs they incurred in bringing this Motion.

## I. BACKGROUND

This action was filed more than a year ago. As a non-complex, civil action, it was assigned a normal discovery track of four months. See Docs 23-24. The official discovery period closed in this litigation on May 29, 2013, pursuant to the Court's February 25, 2013 Order, which itself was an order granting the parties' Consent Motion to extend the original discovery period. See Docs. 39-40. On August 5, 2013, at Defendant's request, the Court extended the discovery period for another thirty (30) days (*i.e.*, until September 6, 2013) for the "**limited purpose** of enabling defendant to take the depositions of Becky Quiggle, Caty DiMaggio, and Gary Popp." See Doc. 74 (emphasis added). The parties promptly scheduled each of those depositions in accordance with the Court's Order. See Docs. 75-77. Ms. DiMaggio's deposition was held in Cooper City, Florida on August 26. See Doc. 75. Mr. Popp's and Ms. Quiggle's depositions were held on September 3 and 4, respectively, in Freeport, Illinois. See Docs. 76-77.

During the September 4 deposition of Ms. Quiggle, Defendant's counsel presented several documents that had not been previously produced to Plaintiffs in the litigation, and that Plaintiffs' counsel had never seen before.  See Ex. A (Beckey Quiggle's Deposition Transcript); Ex. B ("Untimely Documents").  The documents included e-mail messages between Beckey Quiggle, an employee of Plaintiff Newell Rubbermaid, and Miguel Tawid, CEO of Defendant FlexFlo USA, as well as telephone records of calls placed between them, all concerning responsive and discoverable matters.  See Ex. A at p. 105 line 7—p. 107 line 17; Ex. B.  The parties exchanged Initial Disclosures in late 2012.  See Docs. 15, 22.  Yet, the documents at issue were not produced nor disclosed by Defendant as part of its automatic Rule 26(a) initial disclosures, or as a supplement thereto.[1]

The documents at issue also were not produced in response to Plaintiffs' First Request for Production of Documents.  These requests asked Defendant to "[p]roduce any and all documents exchanged between Defendant and Plaintiffs since the year 2007 that concern or relate to the Non-exclusive Distribution Agreement."  The requests also sought production of any and all documents

---

[1] Rule 26(a) requires party to "provide . . . a copy—or a description by category and location—or all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims and defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P. 26(a)(1)(A)(ii).

supporting Defendant's defense that "Plaintiffs agreed to defer formal collection proceedings, including litigation, pending continuing discussion between the parties." Ex. C (Plaintiffs' First Request for Production of Documents) at Nos. 2 and 5.  Nor were the documents produced in response to Plaintiffs' Rule 37 Discovery Dispute Letter, sent to Defendant on April 8, 2013, which specifically requested that Defendant supplement its Initial Disclosures and discovery responses accordingly.  See Ex. D.  There is absolutely no interpretation or reading of the rules of procedure or Plaintiffs' written discovery requests that could be reasonably viewed as excusing the untimely documents from production.

When Defendant's counsel attempted to question Ms. Quiggle about the untimely documents, Plaintiffs' counsel immediately objected on the record and repeatedly inquired as to why they had not been produced during the discovery period.  See generally Ex. A at p. 103 line 10—p.113 line 11.  Defendant's counsel initially responded that he "wasn't aware of them until [he] was preparing for this deposition." Id. at p. 103 line 24—p. 104 line 1.  Plaintiffs' counsel then inquired as to the specific date upon which Defendant's counsel received the documents and as to why he did not notify Plaintiffs of the new documents immediately upon learning of their existence.  See id. at p. 104 lines 2-7; p. 107 line 20—p.108 line 1.  Defendant's counsel then clarified that he had "just received" the documents over

4

Labor Day weekend before he flew to Illinois on September 2 for the depositions. See id. p. 103 line 24—p. 1-4 line 12; p. 107 line 20—p. 111 line 20.

Defense counsel offered no valid reason why his client failed to produce documents that are responsive to discovery served a year ago. Despite having the documents in his possession on September 2—two days before Ms. Quiggle's deposition—Defendant's counsel has offered no explanation as to why he did not immediately notify Plaintiffs' counsel of the new documents on that very day. He also made no attempt to explain why he did not disclose and produce the documents the following day at the September 3 deposition of Mr. Popp; or on the morning of September 4 prior to the commencement of Ms. Quiggle's deposition. To date, neither Defendant nor its counsel has offered any excuse for their blatant abuse of the discovery process.

## II.   ARGUMENT

**A.   Defendant's Untimely Documents Should Be Excluded from Evidence Pursuant to Federal Rule of Civil Procedure 37(c).**

The Federal Rules of Civil Procedure impose an obligation on parties to supplement their initial disclosures and discovery responses in a timely manner. See Fed. R. Civ. P. 26(e). Failure to comply with that obligation mandates the imposition of sanctions under Federal Rule of Civil Procedure 37(c) ("Rule 37(c)"), which provides that

5

> [i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is **not** allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure is substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1) (emphasis added). See also Elion v. Jackson, 544 F. Supp. 2d 1, 5 (D.D.C. 2008) (citing Nutrasweet Co. v. X-L Eng. Co., 227 F.3d 776, 785-86 (7th Cir. 2000) (stating that Rule 37(c)'s evidentiary exclusion sanction is "automatic and mandatory" absent a showing of harmlessness or substantial justification).

District judges in the Northern District of Georgia have routinely imposed Rule 37(c)'s evidentiary exclusion sanction on parties who have failed to comply with Rule 26(a) or (e).  In Cochran v. Brinkmann Corp., for example, District Judge William Duffey sanctioned the plaintiffs for waiting until the day before its expert's deposition to inform the defendant that plaintiffs had—two days before the deposition and two weeks after the expert report deadline—conducted additional testing about which his expert planned to testify about at the deposition. 2009 U.S. Dist. LEXIS 114895, *19-20 (N.D. Ga. December 9, 2009).  The plaintiffs also did not produce the video and photograph of the additional testing until the day of the deposition.  Id. at *17.

Applying Rule 37(c), Judge Duffey concluded that the plaintiffs' conduct was neither harmless nor substantially justified.  Id. at *19.  The plaintiffs' conduct

6

was found to be harmful because it denied defendant a fair opportunity to adequately prepare for the deposition.  Id.  Significantly, the Court noted that

> Plaintiffs did not extend even the courtesy of a call to tell Defendant of this late testing and that [the expert] was offering new and different opinions at his deposition is very difficult to understand and is **not conduct a court expects of counsel in litigation in any court**.

Id. at *17, n. 5 (emphasis added).  Judge Duffey determined that there could be **no justification**—let alone substantial justification—for the plaintiffs' conduct, and further found it outright "disingenuous to claim that disclosure of an expert's additional opinions and testing the day before a deposition is anything other than an attempt to disadvantage the opposing party." Id. at *20 n. 6.

Similarly, in Durkin v. Platz, District Judge Timothy C. Batton excluded the defendant's expert testimony because the defendant failed to provide substantial justification for its untimely disclosure of the expert to the plaintiffs.  920 F. Supp. 2d 1316, 1326-27 (N.D. Ga. 2013).  Judge Batton quickly dismissed each explanation proffered by the defendant, including its explanation that the delay was simply "unavoidable." Id.

Here, as in Cochran and Durkin, evidentiary exclusion is warranted.  Like the sanctioned parties in those cases, Defendant failed to timely disclose or produce responsive information within its possession, custody and control that it

7

planned to use to support its position. Defendant had an obligation to disclose the existence of those documents with its initial or supplemental disclosures under Rule 26(a). Moreover, Defendant had an obligation to produce documents specifically requested during discovery that go to the very heart of its defenses. Clearly, the documents have been in Defendant's possession, custody and control for more than two years. Defendant failed to do so and and cannot show that its failure was harmless or substantially justified.

Defense counsel—like the sanctioned party in Cochran—failed to extend even a courtesy call to Plaintiffs immediately upon learning of the new documents and thereby demonstrated a calculated attempt to disadvantage Plaintiffs. In fact, the conduct of Defendant's counsel presents an even stronger case for evidentiary exclusion than the conduct sanctioned in Cochran and Durkin. Here, not only did Defendant's counsel fail to disclose the existence of the new documents on or before September 2 when he learned of and received them, but he also sat through an entire deposition with Plaintiffs' counsel on September 3 without bringing it to Plaintiffs' counsel's attention. And, although there was adequate opportunity to apprise Plaintiffs' counsel of the documents the following morning, prior to the commencement of Ms. Quiggle's deposition, Defendant's counsel chose not do so. Instead, in an inexcusable act of "gotcha" litigation

tactics, he presented the documents to Ms. Quiggle during her deposition, and then waited for Plaintiffs' counsel to object before even attempting to acknowledge that the documents had never been produced.

Defendant's conduct is precisely the type of conduct Rule 37(c) was designed to deter.  See Wouters v. Martin Cnty., 9 F.3d 924, 933 (11th Cir. 1993) (Rule 37 was designed to serve several purposes, including to "deter others from engaging in similar conduct").  It is "not conduct a court expects of counsel in litigation in any court." Cochran, 2009 U.S. Dist. LEXIS 114895 at *17, n.5. The law is clear in this judicial district that "Rule 26 does not permit a party to circumvent the deadlines imposed by the Court."  Reid v. Lockheed Martin Aero. Co., 205 F.R.D. 655, 662 (N.D. Ga. 2001).  For these reasons, the Court should exclude from evidence Defendant's untimely documents and those portions of Ms. Quiggle's deposition testimony regarding those documents.

**B.     Additional Sanctions Are Warranted Under the Circumstances.**

Additionally, the Court should enter an order striking all defenses supported by the untimely produced documents.  Specifically, plaintiffs request an order striking the Fourth Affirmative Defense of Defendant's "Amended Affirmative

9

Defenses to Complaint." See Doc. 28 at ¶¶ 17-22.[2] The Court also should order Defendant to pay Plaintiffs' reasonable expenses, including, attorney's fees caused by the failure to timely disclose the subject documents. District courts have the inherent power "to impose reasonable and appropriate sanctions upon counsel for abusive litigation practices or for violations of procedural rules or court orders." Donaldson v. Clark, 819 F.2d 1551, 1557 n. 6 (11th Cir. 1987). An order striking Defendant's affirmative defenses and awarding attorney's fees is fair and more than appropriate in this case given that Plaintiffs incurred costs in preparing this Motion that they would not have incurred but for Defendant's failure.

### III.  CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court grant its Motion to Exclude Evidence, Strike Pleadings and Award Attorney's Fees. A proposed Order granting this Motion is attached hereto as Exhibit E.

---

[2] Additional sanctions allowed under Rule 37(c) include: striking pleadings or dismissing the action, in whole or in part; rendering a default judgment against the disobedient party; and ordering that certain facts be taken as established in the moving party's favor. See Fed. R. Civ. P. 37(b)(2)(A) and 37(c)(1)(C).

Respectfully submitted, this 26th day of September, 2013.

                          By: /s/ Eric L. Barnum
                              ERIC L. BARNUM
                              Georgia Bar No. 039305
                              ebarnum@schiffhardin.com
                              CHERIE PHEARS O'REILLY
                              Georgia Bar No. 595940
                              coreilly@schiffhardin.com
                              SCHIFF HARDIN LLP
                              One Atlantic Center, Suite 2300
                              1201 West Peachtree Street
                              Atlanta, GA  30309
                              Telephone:(404) 437-7000
                              Facsimile: (404) 437-7100

                              *Attorneys for Plaintiffs*
                              *Newell Rubbermaid Inc. and*
                              *Graco Children's Products Inc.*

## **LOCAL RULE 7.1(D) CERTIFICATION**

In accordance with LR 7.1(D), NDGa., the undersigned counsel hereby certifies that this document was prepared in Times New Roman 14-point font, which is approved by the Court in Local Rule 5.1(B).

This 26th day of September, 2013.

                                                      */s/   Eric L. Barnum*
                                                     Eric L. Barnum

# CERTIFICATE OF SERVICE

This is to certify that on this date I electronically filed this **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE, STRIKE PLEADINGS AND AWARD ATTORNEY'S FEES** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

> ALAN B. GROSSMAN
> 10620 Griffin Road
> Suite 201
> Cooper City, FL  33328
>
> GARY HILL
> Hill & Bleiberg
> 47 Perimeter Center East, Suite 200
> Atlanta, Georgia 30346

This 26th day of September, 2013.

>      /s/  Eric L. Barnum
>     Eric L. Barnum

10808-1484
CH2\13583619.2