[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11920
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-03262-MHS

NEWELL RUBBERMAID INC.,
GRACO CHILDREN'S PRODUCTS INC.,

                               Plaintiffs - Counter Defendants
                               Appellees,

versus

FLEXFLO USA, INC.,

                               Defendant - Counter Claimant
                               Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 23, 2014)

Before TJOFLAT, WILSON, and ROSENBAUM Circuit Judges.

PER CURIAM:

This is a breach-of-contract action. Graco Children's Products, Inc. ("Graco"), under a "Distribution Agreement" with FlexFlo USA, Inc. ("FlexFlo") effective January 1, 2007, sold Graco products to FlexFlo for resale by FlexFlo to customers in Venezuela. The Agreement's term was one year, subject to renewal. The Agreement renewed annually for the one-year term beginning on January 1, 2008, through January 1, 2011. In October 2011, Graco informed FlexFlo that the Agreement would expire effective December 31, 2011, and that it would not accept any of FlexFlo's purchase orders after that date. When FlexFlo failed to pay Graco the balance due on purchases made through December 31, 2011—a sum totaling $356,464.91—Graco brought this lawsuit in the District Court to recover the balance due.

FlexFlo, in response to Graco's complaint, admitted the balance due but claimed in its answer and counterclaim that Graco (1) breached the Agreement by wrongfully terminating the Agreement and refusing to accept purchase orders through December 31, 2011; (2) agreed to defer filing suit for the balance due pending good-faith efforts to negotiate a settlement of the indebtedness; and (3) breached that agreement by failing to negotiate in good faith before filing this lawsuit. FlexFlo also claimed a setoff in the amount of the profits it would have made on the sale of Graco products had Graco not wrongfully terminated the Agreement.

Following discovery, Graco moved the District Court for summary judgment. In an order entered on January 14, 2014, the court granted the motion—rejecting the merits of FlexFlo's defenses and counterclaim in the process—and gave Graco judgment for $356,464.91.[1]  Doc. 86.  FlexFlo appeals the judgment, arguing that summary judgment was precluded by material issues of fact as to whether Graco wrongfully terminated the Agreement and thereafter breached its agreement to defer collection proceedings pending the completion of good-faith settlement negotiations.

We have carefully considered FlexFlo's arguments that material issues of fact precluded summary judgment and conclude, for the reasons the District Court gave in its January 14, 2014, order, that the arguments are foreclosed by the record.

AFFIRMED.

---

[1] On March 31, 2014, the District Court also ordered FlexFlo to pay Graco $40,334.24 in prejudgment interest.  Doc. 89.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 23, 2014

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 14-11920-DD
Case Style: NWL, et al v. FlexFlo USA, Inc.
District Court Docket No: 1:12-cv-03262-MHS

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Elora Jackson, DD at (404) 335-6173.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs